the tax imposed should have been assessed on the basis of the condition in which the lumber was imported and that no addition should have been made for planing, tonguing, and/or grooving. Protests sustained to that extent.

**No. 47869.**—Protests 50909–K, etc., of W. F. Mackay (Pembina).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which the lumber was imported and that no addition should have been made for planing, tonguing, and/or grooving. Protests sustained to that extent.

**No. 47870.**—Protests 56782–K, etc., of Union Brokerage Co. (Pembina).

Opinion by WALKER, J. It was stipulated that the lumber in question is similar in all material respects to that the subject of *Seaboard Lumber Sales Co.* v. *United States* (5 Cust. Ct. 161, C. D. 391). In accordance therewith it was held that the tax imposed should have been assessed on the basis of the condition in which the lumber was imported and that no addition should have been made for planing, tonguing, and/or grooving. Protests sustained to that extent.

BEFORE THE SECOND DIVISION, JANUARY 2, 1943

**No. 47871.**—Protest 84414–K of American Merchandise Co., Inc. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel and on the authority of Abstract 43372 the claim that the tape measures in question are dutiable as household utensils at 40 percent under paragraph 339 was sustained.

**No. 47872.**—Protests 818972–G, etc., of E. B. Baehr & Sons (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel and on the authority of Abstract 41633 the claim at 40 percent under paragraph 339 as household utensils was sustained.

**No. 47873.**—Protest 946055–G of New York Mdse. Co., Inc. (New York).

Opinion by TILSON, J. In accordance with stipulation of counsel and on the authority of *New York Merchandise Co.* v. *United States* (8 Cust. Ct. 209, C. D. 607), the claim at 35 percent under paragraph 353 was sustained as to the brass shells in question. Tape measures stipulated to be articles chiefly used in the household for utilitarian purposes, and similar to those the subject of Abstract 43372, were held dutiable at 40 percent under paragraph 339 as claimed.